THE STATE EX REL. WYNN, APPELLANT, *v.* MCFAUL, SHERIFF, APPELLEE.

[Cite as *State ex rel. Wynn v. McFaul* (1998), 81 Ohio St.3d 193.]

(No. 97–2036—Submitted January 13, 1998—Decided March 4, 1998.)

194

*Turhan Wynn, pro se.*

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.*** Wynn asserts that the court of appeals erred in dismissing his petition. In order to withstand dismissal, a petition for a writ of habeas corpus must conform to R.C. 2725.04 and allege with particularity the extraordinary circumstances entitling the petitioner to the writ. *Workman v. Shiplevy* (1997), 80 Ohio St.3d 174, 685 N.E.2d 231.

The court of appeals properly dismissed Wynn's petition because he did not comply with the R.C. 2725.04(D) requirement to attach his pertinent commitment papers. Wynn did not attach a copy of the capias for his arrest, which he alleged to be the cause of his commitment. See *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11; *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602, 603 ("These commitment papers are necessary for a complete understanding of the petition. Without them the petition is fatally defective.").

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.