[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 388.]

BOYD, APPELLANT, *v.* MONEY, WARDEN, APPELLEE.

[Cite as *Boyd v. Money*, 1998-Ohio-221.]

*Mandamus to compel release from commitment—Petition dismissed for failure to comply with R.C. 2725.04(D).*

(No. 97-2546—Submitted June 24, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Marion County, No. 9-97-67.

───────────────

{¶ 1} In 1997, appellant, John A. Boyd, filed a petition in the Court of Appeals for Marion County for a writ of habeas corpus to compel his immediate release from prison. Boyd alleged that his parole had been improperly revoked but did not attach a copy of the commitment or cause of his detention, *i.e.*, the parole revocation order he challenged. Boyd also did not allege in his petition that he could not obtain a copy of his commitment or cause of detention.

{¶ 2} The court of appeals granted the Civ.R. 12(B)(6) motion of appellee, Boyd's prison warden, and dismissed the petition. Boyd subsequently attached a copy of his 1993 parole revocation order to his motion for leave to amend his motion for relief from judgment.

{¶ 3} This cause is now before the court upon an appeal as of right.

───────────────

*John A. Boyd, pro se*.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

───────────────

*Per Curiam.*

{¶ 4} We affirm the judgment of the court of appeals. Boyd did not comply with the R.C. 2725.04(D) requirement to attach his pertinent commitment papers.

*State ex rel. Wynn v. McFaul* (1998), 81 Ohio St.3d 193, 194, 690 N.E.2d 7, 8; *Bloss v. Rogers* (1992), 65 Ohio St.3d 145, 146, 602 N.E.2d 602, 603 ("These commitment papers are necessary for a complete understanding of the petition. Without them the petition is fatally defective."). Boyd's attachment of the purported cause of his commitment to his postjudgment motion did not cure the defect. See, *e.g., Cornell v. Schotten* (1994), 69 Ohio St.3d 466, 466-467, 633 N.E.2d 1111, holding that warden's attachment of a copy of the commitment order to motion to dismiss and petitioner's memorandum in opposition to motion to dismiss did not cure R.C. 2725.04(D) defect.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____