JOURNAL ENTRY AND OPINION
Thomas C. Brown, petitioner, is seeking a writ of habeas corpus to secure his release from respondent, the Highland Heights Police Department. Petitioner alleges he was incarcerated in the Highland Heights jail by order of Judge Mary Kay Bozza for failure to post an appeal bond following a bench trial for speeding, a guilty verdict, and the denial of his motion to stay sentencing filed with his notice of appeal. For the reasons that follow, we dismiss the Petition for Writ of Habeas Corpus.
A review of the petition indicates that petitioner has failed to comply with the requirements of R.C. 2725.04(D) and Loc. App.R. 45(B)(1)(a). The statute requires that a copy of the commitment or cause of detention be submitted along with the petition and the rule requires that the petition be supported by an affidavit specifying the details of a petitioner's claim. Absent these supporting documents, dismissal of a petition for habeas corpus is warranted. In the Matter of Corley (May 6, 1999), Cuyahoga App. No. 76377, unreported; see State ex rel. Wynn v. McFaul (1998),81 Ohio St.3d 193, 690 N.E.2d 7; State ex rel. Sostre v. McFaul (Apr. 24, 2000), Cuyahoga App. No. 77893, unreported.
In addition, a writ of habeas corpus will not be allowed if it appears that a petitioner is being confined pursuant to the judgment of a court possessing jurisdiction to render such a judgment. R.C. 2725.05. Petitioner does not challenge the jurisdiction of the committing judge, but instead raises issues concerning the judge's rulings during trial and with respect to his post-trial motion. All of petitioner's allegations may be raised in an appeal to this court, and petitioner may file with this court a motion for suspension of execution of his sentence pursuant to the appellate rules. A petition for habeas corpus may not be used as a substitute for an appeal. State ex rel. Mancini v. Dunning (Mar. 16, 1999), Cuyahoga App. No. 76129, 76130, unreported.
Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Costs to petitioner.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
TIMOTHY E. McMONAGLE, J. AND JAMES M. PORTER, J., CONCUR.