[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PETITION FOR WRIT OF HABEAS CORPUS MOTION NO. 20241
On August 4, 2000, the petitioner, Robbin Riley, Jr., commenced this habeas corpus action against the respondent, the State of Ohio Department of Correction, to obtain habeas corpus relief because his constitutional rights were violated in the underlying cases, State of Ohio v. Robbin Riley, Cuyahoga County Common Pleas Court Case Nos. CR-323797, 332483 and 343143. Sua sponte,
for the following reasons, this court dismisses the application for habeas corpus.
In 1995, the Grand Jury indicted Mr. Riley in Case No. CR-323797 for felonious assault with a gun specification and in Case No. CR-332483 for drug trafficking. In 1996, in Case No. CR-343143 the Grand Jury indicted him for possession of drugs. On January 23, 1997, Mr. Riley pleaded guilty on all indictments.
However, before sentencing Mr. Riley moved to withdraw his guilty plea because he was innocent, because his attorney did not properly advise him of the elements of the charges and because his attorney coerced a plea through inducing Mr. Riley to believe that he would receive probation. The trial court overruled the motion to withdraw and sentenced him to six to fifteen years on the felonious assault charge, one and a half years on the drug trafficking charge and six months on the possession of drug charge. The judge ordered these sentences to be served concurrently with a twenty-three years and ten months federal prison term. On January 12, 2000, Mr. Riley moved this court for a delayed appeal; this court denied that motion.
He now pursues this habeas corpus action. He alleges that he is being unlawfully restrained of his liberty and that his convictions were improper for the following reasons: (1) He is innocent; (2) his trial counsel was ineffective by not explaining the elements of the crimes; (3) his trial counsel coerced a guilty plea from him by inducing him (Mr. Riley) into believing that he would receive probation; (4) his trial counsel did not perfect an appeal despite being requested to do so; (5) the trial court did not comply with Criminal Rule 11; and (6) his guilty plea was not voluntary, knowing or intelligent.
However, habeas corpus is not the proper remedy for addressing these issues. Habeas corpus lies only if the trial court lacked the jurisdiction to hear the case. R.C. 2725.07 provides in pertinent part as follows: If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court * * * or by virtue of the judgment or order of a court of record, and that the court * * * had jurisdiction to issue the process, render judgment or make the order, the writ of habeas corpus shall not be allowed. In Statev. Swiger (1998), 125 Ohio App.3d 456,708 N.E.2d 1033, appeal dismissed (1998), 82 Ohio St.3d 1411, the court reaffirmed the proposition that the inquiry into a court's subject matter jurisdiction is whether the court has power over the class of cases, not the particular case before it. If it is clear from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the `exercise of jurisdiction,' as distinguished from the want of jurisdiction in the first instance.Swiger, 124 Ohio App.3d at 462, citing In the matter of Waite
(1991), 188 Mich. App. 189, 199-200, 486 N.W.2d 912 [468 N.W.2d 912], 917. So too in the present case the common pleas court had jurisdiction to hear criminal cases. The errors Mr. Riley raises do not attack the jurisdiction of the trial court. Rather, he is arguing that errors occurred during the exercise of jurisdiction. Thus, habeas corpus does not lie.
Moreover, extraordinary writs, such as habeas corpus, will not lie if the petitioner has or had adequate remedies at law, such as appeal. Habeas corpus is not a substitute for appeal. In Thomasv. Huffman (1998), 84 Ohio St.3d 266, 703 N.E.2d 315, 267, the Supreme Court of Ohio upheld the dismissal of a habeas corpus action because Thomas had adequate legal remedies by an appeal or postconviction relief to raise his claimed errors. Luchene v.Wagner (1984), 12 Ohio St.3d 37, 465 N.E.2d 395.
Additionally, Mr. Riley did not comply with R.C. 2725.04(D) which requires that a copy of the commitment or cause of detention be submitted when applying for habeas relief. Such a failure is sufficient reason to dismiss a habeas corpus petition. State exrel. Wynn v. McFaul (1998), 81 Ohio St.3d 193, 690 N.E.2d 7, and Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E.2d 602. Mr. Riley also failed to caption his petition correctly by omitting the addresses of the parties as required by Civil Rule 10(A).
Accordingly, this court dismisses this habeas corpus petition. Costs assessed against petitioner.
TERRENCE O'DONNELL, J., CONCURS.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE