PER CURIAM OPINION
{¶ 1} This action in habeas corpus is presently before this court for consideration of the dismissal motion of respondents, the Richland Correctional Institution, the Ohio Attorney General, and the State of Ohio. As the primary grounds for their motion, respondents assert that this court cannot go forward on the claim of petitioner, Sidney Allen Jordan, because he has failed to satisfy the statutory requirements for bringing a habeas corpus action. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} In maintaining the instant action, petitioner seeks his immediate release from the Richland Correctional Institution. Although the allegations in the petition are extremely vague and verbose, it would appear that on August 18, 1981, petitioner entered a plea of guilty to the felony offense of rape, and was subsequently sentenced by the Trumbull County Court of Common Pleas to an indefinite term of four to twenty-five years. After petitioner had served a short sentence in a state prison, he was released and placed on parole. However, he later was found guilty of violating the conditions of his parole by engaging in domestic assault. As a result, he is presently incarcerated in the state prison.
 {¶ 3} Our review of the habeas corpus petition indicates that the majority of petitioner's allegations do not pertain to the validity of his underlying conviction for rape. Instead, his various assertions primarily pertain to matters which allegedly occurred after he was convicted in 1981. For example, petitioner contends that, while he was incarcerated, he was recruited by certain state and federal officials to combat certain forms of crime in the state prison system. However, in those parts of his petition in which he actually addresses the validity of his conviction, petitioner essentially submits that his present incarceration is unlawful because he was denied effective assistance of counsel throughout the pre-trial process of the rape case. Furthermore, he contends that his plea was not made voluntarily, and should not have been accepted by the trial court.
 {¶ 4} Without specifically addressing the merits of petitioner's arguments, this court would note that our review of the instant petition also shows that petitioner has failed to satisfy the basic statutory requirements for bringing a proper habeas corpus action. For example, as respondents correctly state in their motion to dismiss, R.C. 2725.04(D) expressly provides that, in filing a habeas corpus claim, the prisoner is required to attach to his petition a copy of the papers upon which his incarceration is predicated. In applying this statutory provision, the Supreme Court of Ohio has held that compliance with the "attachment requirement" is mandatory because a review of the commitment papers is needed in order to have a complete understanding of the grounds for the request for the writ. SeeBrown v. Rogers (1995), 72 Ohio St.3d 339. In light of this, the Supreme Court has further held that the lack of compliance with R.C. 2725.04(D) is a "fatal" defect which warrants the dismissal of the habeas corpus petition. McBroom v. Russell
(1996), 77 Ohio St.3d 47.
 {¶ 5} In the instant case, petitioner would be required under R.C. 2725.04(D) to attach to his petition a copy of the sentencing judgment from his underlying criminal case. Our review of his petition readily indicates that he has failed to do so. Thus, on this basis alone, the dismissal of his petition is warranted.
 {¶ 6} In addition to the foregoing, this court would indicate that, even if the instant petition was proper in all other respects, we still could not address the final merits of petitioner's claim because he did not file his petition in the appropriate county. R.C. 2725.03 states that, when a prisoner is incarcerated in a state correctional institution, only a court or judge in the county in which that institution is located has jurisdiction to determine whether a writ of habeas corpus should be issued in a given case. Based upon this statutory provision, this court has consistently concluded that the county in which a prisoner was convicted can only be the proper venue for his subsequent habeas corpus action when he is also incarcerated in a state prison located within that county. See Rivera v. State
(July 28, 2000), 11th Dist. No. 2000-L-106, 2000 Ohio App. LEXIS 3402; Sellers v. State (Oct. 15, 1999), 11th Dist. No. 99-T-0117, 1999 Ohio App. LEXIS 4861. That is, since a habeas corpus action must be brought against the warden of the correctional institution which has custody of the prisoner, such an action can only be maintained in the county where that institution is located.
 {¶ 7} As part of his instant claim, petitioner has clearly alleged that he is being held in the Richland Correctional Institution. Since this prison is not located in a county within the territorial jurisdiction of this court, we do not have the authority to rule upon the merits of his claim and grant the type of relief he seeks.
 {¶ 8} Pursuant to the foregoing analysis, this court holds that petitioner has not fulfilled the basic statutory requirements for properly maintaining a habeas corpus action. To this extent, respondents' motion to dismiss has merit and, therefore, is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
Christley, J., Grendell, J., Rice, J., concur.