PER CURIAM OPINION
{¶ 1} The instant proceeding in habeas corpus is presently before this court for final consideration of the motion to dismiss of respondent, Warden David Bobby of the Trumbull Correctional Institution. As the primary legal basis for this motion, respondent maintains that petitioner, Frank Goudlock, has failed to comply with specific mandatory requirements for bringing a viable habeas corpus action. For the following reasons, we conclude that the dismissal of the instant petition is warranted.
 {¶ 2} In bringing this action, petitioner seeks the issuance of an order requiring his immediate release from state prison. As part of the allegations supporting his claim for relief, petitioner states that his present confinement is based upon a 1977 conviction in which he was found guilty of two counts of aggravated murder and sentenced to two consecutive life terms. He further alleges in his petition that this conviction must now be declared void because the Cuyahoga County Court of Common Pleas lacked the proper jurisdiction to enter the conviction against him. Specifically, petitioner contends that the common pleas court never acquired jurisdiction over him because the juvenile court did not follow the necessary procedure for binding him over for trial as an adult.
 {¶ 3} In filing his petition before this court, petitioner has not submitted any other materials in support of his claim for relief. Specifically, petitioner has not attached to his petition copies of the various papers upon which his commitment to the state prison is presently predicated. In light of this, Warden Bobby argues that this action cannot go forward on the merits because relator has not met the statutory requirements for filing a proper habeas corpus petition.
 {¶ 4} In support of this argument, Warden Bobby cites R.C. 2725.04(D). This section provides: "A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."
 {¶ 5} In applying the foregoing provision, the Supreme Court of Ohio has held that the failure to attach a prisoner's commitment papers to his habeas corpus petition is a fatal defect which warrants the dismissal of the entire case. See Hawkins v. Southern Ohio Corr. Facility,102 Ohio St.3d 299, 2004-Ohio-2893; State ex rel. Wynn v. McFaul81 Ohio St.3d 193; 1998-Ohio-637. The underlying basis for this holding is that, unless the commitment papers are attached to the petition, a full understanding of the nature of the claim for relief is not possible. Boyd v. Money, 82 Ohio St.3d 388, 1998-Ohio-221. The Supreme Court has further stated that the attachment of the commitment papers to a subsequent pleading is not sufficient to cure this particular defect. See State ex rel. Bray v. Brigano, 93 Ohio St.3d 458; 2001-Ohio-458;Cornell v. Schotten, 69 Ohio St.3d 466, 1994-Ohio-74. Finally, if the prisoner seeks to challenge the transfer of jurisdiction from a juvenile court to a common pleas court, his commitment papers would consist of the juvenile court's "bindover" entry and the common pleas court's sentencing judgment. State ex rel. Gilmore v. Mitchell, 86 Ohio St.3d 302,1999-Ohio-166.
 {¶ 6} In responding to Warden Bobby's motion to dismiss this action, petitioner simply states that he did not have any copies of his commitment papers at the time he filed his habeas corpus petition. In making this statement, petitioner has not indicated that he made any effort whatsoever to obtain copies of his papers. Similarly, he has not indicated that the difficulties he would face in obtaining copies of his papers would be any greater than the difficulties faced by other prisoners.
 {¶ 7} Pursuant to R.C. 2725.04(D), the party bringing the habeas corpus action has the burden of attaching copies of his commitment papers when he initially submits his petition. Since petitioner in the instant case did not satisfy this burden, the case law of this state dictates that this case cannot proceed on the merits. Therefore, the motion to dismiss of Warden David Bobby, respondent, is hereby granted. It is the order of this court that petitioner's habeas corpus petition is dismissed without prejudice as to Warden Bobby.
 {¶ 8} For the same reasons as stated in regard to Warden Bobby, it is the sua sponte order of this court that petitioner's habeas corpus petition is dismissed without prejudice as to the Ohio Department of Rehabilitation and Correction, respondent.
Ford, P.J., Rice, J., O'Toole, J., concur.