MEMORANDUM OPINION
{¶ 1} On August 12, 2005, appellant, Kenneth Rockwell, Jr., filed a notice of appeal from a June 13, 2005 judgment of the Geauga County Court of Common Pleas. Thus, appellant's notice of appeal was filed sixty days after the judgment had been issued by the trial court.
 {¶ 2} App. R. 4(A) states:
 {¶ 3} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} App. R. 5(A) states, in relevant part:
 {¶ 5} "(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
 {¶ 6} "(a) Criminal proceedings;
 {¶ 7} "(b) Delinquency proceedings; and
 {¶ 8} "(c) Serious youthful offender proceedings.
 {¶ 9} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."
 {¶ 10} In order to timely perfect a delayed appeal in a criminal case, a defendant must comply with App. R. 5(A) and seek leave of court to file a delayed appeal. The defendant must also set forth the reasons for failing to perfect a timely appeal.
 {¶ 11} In the present case, appellant has neither complied with the thirty-day rule set forth in App. R. 4(A) nor sought leave to appeal. Thus, this court is without jurisdiction to consider this appeal.
 {¶ 12} As part of this notice of appeal before us, appellant attempted to set forth an argument concerning why he had been entitled to the additional credit. At the conclusion of this argument, he then request this court to issue a writ of habeas corpus which would order his immediate release from prison on the basis that he has already completed his sentence.
 {¶ 13} Since appellant failed to bring this appeal in a timely manner, the merits of his "credit" argument are not properly before us for review. However, even if this appeal had gone forward and appellant had been able to establish an error on the part of the trial court in denying his motion, this court could not have issued a writ of habeas corpus in the context of an appeal. A habeas corpus proceeding constitutes a separate legal action which can only be initiated through the filing of a petition for relief. See R.C. Chapter 2725.
 {¶ 14} Therefore, even if this appeal had resulted in the reversal of the decision on the "credit" issue, the sole relief which could have been ordered by this court would have involved ordering the trial court to render a new judgment granting an additional credit. In turn, this new judgment would have been forwarded to the appropriate prison officials. If this procedure had not resulted in appellant's immediate release, he then could have pursued a habeas corpus case in a court of the county were he is incarcerated. See R.C. 2725.03; Jordan v. State, 11th Dist. No. 2004-T-0041, 2004-Ohio-5634.
 {¶ 15} Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed.
Grendell, J., O'Toole, J., concur.