OPINION
{¶ 1} This action in habeas corpus is presently before this court for disposition of the motion to dismiss of respondent, Trumbull County Sheriff Thomas Altiere. As the primary basis for the motion, respondent submits that petitioner, Shawn Armstrong, has failed to set forth a viable claim for a writ because he has not complied with the statutory requirements for maintaining a habeas corpus case. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} Petitioner is presently incarcerated in the Trumbull County Jail, awaiting a second criminal trial before the Trumbull County Court of Common Pleas. On October 29, 2001, he was found guilty of one count of aggravated murder and an accompanying firearm specification. However, in State v. Armstrong, 11th Dist. Nos. 2001-T-0120 and 2002-T-0071, 2004-Ohio-5635, this court reversed the entire conviction and remanded the matter to the trial court for a new trial. Although the State of Ohio then attempted to appeal our decision to the Supreme Court of Ohio, that appeal was never heard on the merits and was dismissed in March 2005.
 {¶ 3} Once the Supreme Court's stay of our judgment had been lifted, the trial court reset petitioner's bail at "$500,000 Bond." The trial court then gave petitioner thirty days in which to obtain new counsel to represent him in the new proceeding. After this process had been completed, the underlying case went forward on a number of pretrial motions. As of January 2006, some of these motions were still pending; as a result, the final date for the second trial had not been set.
 {¶ 4} In bringing the instant case, petitioner asserted in his habeas corpus claim that he was entitled to be released immediately from the county jail because the State of Ohio and the trial court had failed to go forward with his second trial in a timely manner. Specifically, he alleged in his petition that the nine-month delay after the termination of the Supreme Court proceedings constituted a violation of his basic constitutional right to a speedy trial. In support of this allegation, petitioner stated that the new proceedings have been so dilatory that he has yet to be "re-arraigned" on the underlying indictment.
 {¶ 5} In now moving to dismiss the habeas corpus petition, respondent submits that it is not necessary for this court to address the merits of petitioner's claim because his petition failed to satisfy the general prerequisites for maintaining this type of action. Citing R.C. 2725.04(D), respondent contends that petitioner had a duty to attach to his petition a copy of his detention papers, and that his failure to do so constitutes a proper reason to dismiss the entire action.
 {¶ 6} R.C. 2725.04 sets forth four requirements for a viable petition for a writ of habeas corpus. Subsection (D) of the statute provides that "[a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; * * *." In order to satisfy this requirement when the incarceration is predicated upon the inability to post bail prior to trial, the habeas corpus petition must be accompanied by a copy of the judgment entry in which the trial court set bail. See State exrel. Norman v. McFaul (Apr. 8, 1999), 8th Dist. No. 76231, 1999 Ohio App. LEXIS 1683.
 {¶ 7} In applying R.C. 2725.04(D) in prior habeas corpus actions, this court has noted that the Supreme Court of Ohio has consistently held that the failure to attach a copy of the detention papers is considered a fatal defect which is a sufficient reason to dismiss the petition. Jordan v. State,
11th Dist. No. 2004-T-0041, 2004-Ohio-5634, at ¶ 4, citingMcBroom v. Russell (1996), 77 Ohio St.3d 47. This holding is based upon the logic that a court cannot obtain a full understanding of the grounds for the claim unless it is able to review the reason for the detention. Goudlock v. Bobby, 11th Dist. No. 2005-T-0011, 2005-Ohio-3089, at ¶ 5, citing Boyd v.Money (1998), 82 Ohio St.3d 388.
 {¶ 8} In the instant case, our review of the habeas corpus petition readily shows that petitioner did not submit a copy of the written bail decision made by the trial court after the dismissal of the appeal to the Supreme Court. Furthermore, in responding to the motion to dismiss his habeas corpus claim, petitioner has not attempted to contend that he would have faced any unusual difficulties in obtaining a copy of the trial court's "bail" judgment entry. In fact, petitioner's response does not even address the question. In light of these circumstances, the dismissal of the habeas corpus petition is warranted under R.C.2725.04(D) because petitioner has not satisfied a mandatory requirement for stating a proper claim for relief.
 {¶ 9} As an aside, this court would further state that, even if petitioner had met the statutory requirements to pursue a claim in habeas corpus, he still would not have been entitled to a writ because his petition does not state a viable basis for such relief. As was noted above, petitioner's primary assertion in support of his claim is that his right to a speedy trial has been violated during the proceedings upon remand. In reviewing this type of assertion previously, we have concluded that speedy trial arguments cannot be raised in the context of a habeas corpus proceeding.
 {¶ 10} In Elersic v. Wilson, 11th Dist. No. 2003-T-0070, 2003-Ohio-4229, the defendant's original conviction was reversed on appeal, and the case was remanded for a new trial. Before the new proceedings could go forward, the defendant was indicted on two new charges stemming from the same set of facts as the original charges. After being convicted of one of the new charges, the defendant filed a habeas corpus action before this court. As the basis for his claim, the defendant maintained that his right to a speedy trial had been violated because the new charges should have been asserted when the original indictment had been returned. In ultimately holding that the defendant would not be able to prove a set of facts entitling him to relief, this court stated:
 {¶ 11} "In deciding whether prior habeas corpus petitions before us state viable claims for a writ, we have noted on numerous occasions that such a writ will lie only when the prisoner can establish that the trial court lacked jurisdiction to enter the conviction upon which the incarceration is based.State ex rel. Mike v. Warden of the Trumbull Corr. Inst., 11th Dist. No. 2002-T-0153, 2003-Ohio-2237. The existence of a jurisdictional error is considered the fundamental requirement for a writ of habeas corpus because, when a prisoner can allege only that a non-jurisdictional error occurred in the trial proceedings, his conviction is deemed to be merely voidable and can be properly challenged in a direct appeal of the final judgment of the trial court. Tillis v. Gansheimer, 11th Dist. No. 2002-A-0099, 2003-Ohio-1097.
 {¶ 12} "Consistent with the foregoing basic principles, the Supreme Court of Ohio has expressly held that a viable habeas corpus claim cannot be based upon an alleged violation of the right to a speedy trial because: (1) such a violation does not constitute a jurisdictional error; and (2) the prisoner has an adequate legal remedy through a direct appeal. See, e.g., Stateex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287,1997-Ohio-116, * * *; State ex rel. Williams v. Brigano (1997),78 Ohio St.3d 413, 1997-Ohio-210, * * *. Pursuant to this precedent, even if it is assumed that all of [the defendant's] allegations in the instant case are true and his legal analysis of the speedy trial issue is correct, he still would not be entitled to the issuance of a writ of habeas corpus. Although [the defendant] has attempted to assert that the alleged speedy trial violation in the underlying case deprived the trial court of jurisdiction to enter the conviction, our Supreme Court does not view such an error as being jurisdictional in nature. Hence, [the defendant] cannot use the instant action as a substitute for a timely direct appeal of his conviction." Id., at ¶ 5-6.
 {¶ 13} Even though the nature of the defendant's argument inElersic was slightly different than petitioner's basic allegation in the present case, the identical logic would still apply. That is, even if a violation of petitioner's speedy trial right has occurred as part of the underlying criminal case, such an error would not deprive the trial court of jurisdiction over the matter. Instead, a speedy trial violation is only a procedural error which can be contested on appeal if petitioner is ultimately convicted. For this reason, the main argument in petitioner's instant claim does not state a proper basis for the issuance of a writ of habeas corpus.
 {¶ 14} Finally, this court would further note that, in one sentence of his petition, petitioner makes the bald assertion that the bail set by the trial court is excessive in this instance. As to this point, we would indicate that a viable habeas corpus claim can be based upon the general allegation that a defendant's pretrial incarceration is illegal as a result of an "excessive" bail decision See Hamilton v. Collins, 11th Dist. No. 2003-L0-94, 2003-Ohio-4101, at ¶ 4. However, since petitioner has not attached to his petition a copy of the bail determination in the underlying case, we do not have the necessary materials before us to properly consider this point. In addition, a review of the relevant case law shows that the requirement of a substantial bond will not be considered an abuse of discretion when the defendant has been charged with serious felony offenses. See Norman, 1999 Ohio App. LEXIS 1683, in which it was held that a $1,000,000 bond was not excessive when the defendant had been charged with aggravated murder and aggravated robbery.
 {¶ 15} Pursuant to the foregoing analysis, this court holds that petitioner's habeas corpus claim is not properly before us because he has failed to comply with the specific requirements of R.C. 2725.04. Accordingly, respondent's motion to dismiss the habeas corpus petition is granted. It is the order of this court that petitioner's entire habeas corpus claim is hereby dismissed.
O'Toole, J., concurs in judgment only, O'Neill, J., dissents with Dissenting Opinion.