PER CURIAM OPINION
{¶ 1} The instant case is a habeas corpus action in which petitioner, Horace Winnick, seeks his immediate release from the Lake Erie Correctional Institution. As the sole basis for his claim for relief, petitioner asserts that he is entitled to be released because he has completed his terms of imprisonment. For the following reasons, this court holds that petitioner has failed to attach sufficient materials to his petition to establish that the issuance of a writ is warranted.
 {¶ 2} A review of the instant habeas corpus petition indicates that it only contains one paragraph of text. In that paragraph, petitioner alleges that respondent, Warden Rich Gansheimer, and other prison officials have improperly calculated the extent of his prison terms. Specifically, he contends that the officials have determined that his multiple sentences should be served consecutively, instead of concurrently as ordered by the respective trial courts. Based on this, he asserts that if the officials had followed the orders of the trial courts, he would have already served the terms actually imposed.
 {¶ 3} In support of the foregoing assertions, petitioner attached to his petition a copy of a judgment entry issued by the Cuyahoga County Court of Common Pleas in July 1993. In that judgment, the Cuyahoga County court found petitioner guilty of receiving stolen property and drug abuse, and then sentenced him to two concurrent terms of two to ten years. In addition to this document, petitioner also attached a copy of a prison "update" sheet which sets forth a list of all convictions against him. This sheet indicates that, in two separate cases, he was convicted of a second offense of drug abuse and one count of felonious assault. The sheet further states that petitioner's aggregate prison term is three years for the felonious assault, plus four to twenty years on the remaining three offenses.
 {¶ 4} Although not expressly stated on the "update" sheet, it is apparent that the prison officials' calculation of petitioner's aggregate sentence is based on the assumption that the indefinite term of two to ten years on the separate "drug abuse" offense was to be served consecutively to the indefinite terms from the July 1993 conviction. However, in light of the fact that petitioner has only attached to his instant petition a copy of the July 1993 judgment entry, this court cannot determine if this assumption is correct. That is, without a copy of the other two judgments which set forth the separate prison terms for petitioner, we cannot verify his assertion that he has completed his aggregate sentence under all four convictions.
 {¶ 5} R.C. 2725.04(D) provides that, in filing a habeas corpus petition, a prisoner must attach to his petition copies of all papers upon which his present incarceration is based. In applying this statute in prior habeas corpus proceedings, this court has noted that the attachment of any commitment papers is a mandatory requirement, and that the failure to satisfy the statute constitutes a fatal defect which must result in the dismissal of the entire action. Goudlock v. Bobby, 11th Dist. No. 2005-T-0011, 2005-Ohio-3089, at ¶ 5, citing Hawkins v.Southern Ohio Corr. Facility, 102 Ohio St.3d 299,2004-Ohio-2893. The basis for this interpretation of the statute is that copies of the commitment papers are needed in order for the court to obtain a complete understanding of the grounds for the requested relief. Jordan v. State, 11th Dist. No, 2004-T-0041, 2004-Ohio-5634. In addition, we have emphasized that when a petitioner's confinement is predicated upon a sentence imposed by a trial court, R.C. 2725.04(D) mandates that the petition must be accompanied by copies of the sentencing judgments. State ex rel. Eppinger v. Konteh, 11th Dist. No. 99-T-0047, 1999 Ohio App. LEXIS 2805.
 {¶ 6} In the instant case, even though petitioner submitted with his petition a copy of a judgment which set forth the penalty he had received for two of his convictions, he did not provide copies of the judgments covering his remaining two convictions. Without copies of all relevant judgments setting forth his respective sentences, this court cannot completely "understand" the grounds for his habeas corpus claim; i.e., in the absence of the necessary copies, we cannot determine if the indefinite term on the separate "drug abuse" conviction was to be served consecutive to the two indefinite terms from the July 1993 judgments. If the separate indefinite term was to be consecutive to the other two, a writ of habeas corpus could not lie because petitioner's maximum sentence would not be completed. Thus, petitioner has not submitted sufficient materials to show a prima facie case for the writ.
 {¶ 7} In regard to the initial consideration of a habeas corpus petition, this court has stated: "[P]ursuant to R.C.2725.05, a court in a habeas corpus proceeding has the authority to engage in a sufficiency analysis without benefit of a motion to dismiss; i.e., a court can dismiss a habeas corpus petition sua sponte if its initial review of the petition shows beyond a reasonable doubt that a viable claim for the writ has not been stated." State ex rel. Peoples v. Warden, 11th Dist. No. 2003-T-0087, 2003-Ohio-4106, at ¶ 7. In the instant matter, since petitioner has failed to comply with mandatory requirements of R.C. 2625.04(D), his allegations are legally insufficient to establish that he has finished his maximum sentence for his four convictions. Accordingly, it is the sua sponte order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
Ford, P.J., Grendell, J., Rice, J., concur.