OPINION
{¶ 1} The instant action in habeas corpus is presently before this court for final disposition of the dismissal motion of respondent, Lake County Sheriff Daniel A. Dunlap. As the primary basis for the motion, respondent asserts that this matter cannot proceed because petitioner, Charles J. Juliano, has failed to satisfy the statutory requirements for filing a habeas corpus petition. For the following reasons, we hold that the motion to dismiss has merit.
 {¶ 2} In maintaining this action, petitioner sought his immediate release from the Lake County Jail, where he was serving a term of incarceration based on his conviction for attempted theft. As the grounds for his habeas corpus claim, petitioner alleged that his imprisonment at the county jail was illegal because he was not receiving the proper medical treatment for his diabetes and high blood pressure. He further alleged that he had been denied his right to due process when the jail officials placed him into solitary confinement without benefit of a hearing.
 {¶ 3} In now moving for the dismissal of this entire matter, respondent submits that the habeas corpus petition is legally defective because petitioner did not attach to the petition copies of his commitment papers. In support of this point, respondent refers to the specific requirement of R.C. 2725.04(D). This statute provides that, as part of a petition for a writ of habeas corpus, a "copy of the commitment or cause of detention of such person must be exhibited, if it can be procured without impairing the efficiency of the remedy * * *."
 {¶ 4} In interpreting R.C. 2725.04(D), this court has concluded that the statute mandates the attachment of a trial court's sentencing judgment to the petition when the prisoner's incarceration is based upon the imposition of a criminal sentence. State ex rel. Winnick v. Gansheimer, 11th Dist. No. 2006-A-0009, 2006-Ohio-3431, at ¶ 5. As to legal effect of failing to comply with this requirement, we have also stated:
 {¶ 5} "In applying this statute in prior habeas corpus proceedings, this court has noted that the attachment of any commitment papers is a mandatory requirement, and that the failure to satisfy the statute constitutes a fatal defect which must result in the dismissal of the entire action. Goudlock v.Bobby, 11th Dist. No. 2005-T-0011, 2005-Ohio-3089, at ¶ 5, citing Hawkins v. Southern Ohio Corr. Facility,102 Ohio St.3d 299, 2004-Ohio-2893, 809 N.E.2d 1145. The basis for this interpretation of the statute is that copies of the commitment papers are needed in order for the court to obtain a complete understanding of the grounds for the requested relief. Jordan v.State, 11th Dist. No. 2004-T-0041, 2004-Ohio-5634." Id. See, also, Armstrong v. Altiere, 11th Dist. No. 2006-T-0011,2006-Ohio-2390.
 {¶ 6} In the present matter, petitioner averred in his habeas corpus petition that his incarceration at the county jail was predicated upon a sentence he had received in a criminal proceeding. Notwithstanding this, petitioner did not attach to his petition a copy of the judgment which imposed that sentence. Furthermore, in the body of his petition, he did not assert that the procurement of a copy of the judgment would pose a serious difficulty for him. Accordingly, the dismissal of this action is warranted on the basis that petitioner failed to comply with the express requirement of R.C. 2725.04(D).
 {¶ 7} As an aside, this court would further note that, as part of his motion to dismiss, respondent stated that petitioner was scheduled to be released from the Lake County Jail on August 25, 2006. If petitioner was actually released on that date, this matter could not have gone forward even if he had met the statutory requirements for a proper habeas corpus petition. In considering prior claims in habeas corpus, this court has specifically held that the merits of such claims immediately become moot once the prisoner is no longer in the custody of the warden or jailor. Strzala v. Gansheimer, 11th Dist. No. 2001-A-0090, 2002-Ohio-2665.
 {¶ 8} Pursuant to the foregoing analysis, this court holds that the instant habeas corpus petition is not properly before us for consideration of the final merits because, in submitting the petition, petitioner did not comply with the requirement under R.C. 2725.04(D) for stating a viable claim for habeas corpus relief. Therefore, respondent's motion to dismiss the entire petition has merit. It is the order of this court that petitioner's entire habeas corpus claim is hereby dismissed.
Cynthia Westcott Rice, J., concurs, Colleen Mary O'Toole, J., concurs in judgment only.