PER CURIAM OPINION
{¶ 1} This action in habeas corpus is presently before this court for final consideration of the motion to dismiss of respondent, Trumbull County Sheriff Thomas L. Altiere. As the primary basis for his motion, respondent contends that the instant petition does not state a viable claim for relief because petitioner, Robert C. McClane, has failed to satisfy certain statutory requirements for maintaining a habeas corpus action. For the following reasons, this court concludes that the motion to dismiss is well taken.
 {¶ 2} Petitioner is presently an inmate at the Trumbull County Jail, awaiting trial in the Trumbull County Court of Common Pleas on charges of aggravated robbery and robbery. In bringing this action, petitioner asserts that he is entitled to be released from the jail immediately because he has been subject to improper treatment. Specifically, he alleges that when he was questioned by jail officials regarding a possible violation of jail rules, he was never informed of his Miranda rights. He further alleges that he has been exposed to hazardous conditions which pose a threat to his general health.
 {¶ 3} In now moving to dismiss, respondent submits that this action cannot go forward because, in filing his habeas corpus petition, petitioner did not follow the requirements of R.C.2725.04(D). This provision states that when an application for a writ of habeas corpus is made, "[a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; * * *."
 {¶ 4} In applying the foregoing statute, this court has indicated that when an inmate seeks to challenge the propriety of his incarceration prior to the inception of his criminal trial, he must attach to his petition a copy of the order in which the trial court determines whether he is entitled to pretrial bail. See Armstrong v. Altiere, 11th Dist. No. 2006-T-0011,2006-Ohio-2390; Gallagher v. State (Oct. 8, 1998), 11th Dist. No. 98-A-0088, 1998 Ohio App. LEXIS 4835. Furthermore, in accordance with specific Supreme Court precedent, we have stated that the failure to satisfy this requirement is considered a "fatal" flaw which supports the dismissal of the entire petition.Goudlock v. Bobby, 11th Dist. No. 2005-T-0011, 2005-Ohio-3089, at ¶ 5, citing Hawkins v. Southern Ohio Corr. Facility,102 Ohio St.3d 299, 2004-Ohio-2893. In addition, it has been held that this defect cannot be corrected by attaching copies of the commitment papers to a subsequent pleading in the case. Id., at ¶ 5, citing State ex rel. Bray v. Brigano, 93 Ohio St.3d 458,2001-Ohio-1587.
 {¶ 5} In the instant action, our review of the habeas corpus petition readily shows that petitioner did not provide a copy of the trial court order which required him to remain incarcerated until the date of his trial. Moreover, as part of the allegations supporting his claim, petitioner never stated that it would be difficult for him to obtain a copy of the order in question. As to the latter point, we would emphasize that petitioner did not file a response to the motion to dismiss; as a result, he has not provided any explanation for his failure to follow R.C.2725.04(D).
 {¶ 6} Pursuant to the foregoing discussion, this court concludes that petitioner has not satisfied the mandatory requirements for stating a viable claim in habeas corpus. Thus, respondent's motion to dismiss the habeas corpus petition is granted. It is the order of this court that petitioner's entire habeas corpus claim is hereby dismissed.
Donald R. Ford, P.J., William M. O'Neill, J., Diane V. Grendell, J., concur.