[Cite as *State ex. rel. Hairston v. Franklin Cty. Court of Common Pleas*, 2018-Ohio-148.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rico Isaih Hairston, | : | |
| Petitioner, | : | |
| v. | : | No. 17AP-502 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on January 16, 2018

*Rico Isaih Hairston,* pro se.

IN HABEAS CORPUS

HORTON, J.

{¶ 1} Relator, Rico Isaih Hairston, commenced this original action on July 12, 2017, requesting a writ of habeas corpus ordering his immediate release from custody. Almost one month later on August 1, 2017, petitioner filed a motion to appoint counsel and asserted he could not afford an attorney.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision on August 23, 2017, including findings of fact and conclusions of law, which is appended hereto. The magistrate found that relator failed to comply with the mandatory requirements of R.C. 2969.25(C), in that petitioner did not pay the filing fee nor did he file a motion to proceed in forma pauperis with the attending required documentation, i.e., a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and a statement of all other cash and things of value owned by the inmate. Therefore, the magistrate recommended that this court sua sponte dismiss this action and deny his motion to appoint counsel.

{¶ 3} Relator has not filed an objection to the magistrate's decision. Instead, on August 30, 2017, relator filed a motion for leave to amend his complaint in an effort to comply with the mandatory requirements of R.C. 2969.25(C). We have held that a relator "cannot cure this deficiency by attempting to comply with the statutory requirements after the fact." *State ex rel. Swain v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-519, 2017-Ohio-517, ¶ 5, *aff'd., State ex rel. Swain v. Ohio Adult Parole Auth.*, Slip Opinion No. 2017-0332, 2017-Ohio-9175, holding that an inmate's belated attempt to comply with R.C. 2969.25(C) " 'does not excuse his noncompliance.' " *Id.* at ¶ 4, quoting *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9.

{¶ 4} As such, finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we sua sponte dismiss this action. Relator's remaining pending motions are thereby rendered moot. Costs are assessed against relator.

*Action sua sponte dismissed.*

SADLER and LUPER SCHUSTER, JJ., concur.

————————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Rico Isaih Hairston, | : | |
| Petitioner, | : | |
| v. | : | No. 17AP-502 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on August 23, 2017

*Rico Isaih Hairston,* pro se.

### IN HABEAS CORPUS

{¶ 5}   Petitioner, Rico Isaih Hairston, has filed this original action requesting this court issue a writ of habeas corpus ordering his immediate release from custody.

Findings of Fact:

{¶ 6}   1. On July 12, 2017, petitioner filed this habeas corpus petition asserting that he is currently being held in custody despite the fact that he was not permitted to be present during his arraignment and never signed a waiver.

{¶ 7}   2. At the time he filed this action, petitioner did not pay the filing fee nor did he file a motion to proceed in forma pauperis with the attending documentation required by R.C. 2969.25(C).

{¶ 8}   3. On August 1, 2017, petitioner filed a motion to appoint counsel and asserted he could not afford an attorney.

Conclusions of Law:

{¶ 9} Because petitioner has failed to comply with the mandatory requirements of R.C. 2969.25(C), it is this magistrate's decision that this court should sua sponte dismiss his habeas corpus action. Further, this court should deny his motion to appoint counsel.

{¶ 10} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 11} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 12} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex*

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

> *rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.
>
> In addition, nothing in R.C. 2969.25 required the court of appeals to afford Pamer the opportunity to pay the requisite filing fee before dismissing the case when Pamer expressly requested waiver of prepayment of those fees.
>
> Finally, because Pamer did not prevail and did not establish his indigency, the court of appeals did not abuse its discretion in ordering him to pay the costs of the proceeding. See *State ex rel. Frailey v. Wolfe* (2001), 92 Ohio St.3d 320, 321, 750 N.E.2d 164; Civ.R. 54(D).

*Id.* at ¶ 5-7.

{¶ 13} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 14} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 15} Pursuant to the above-cited authority and because petitioner cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss petitioner's complaint. Inasmuch as petitioner did not prevail and did not establish indigency, this court should order petitioner to pay the costs of the proceedings. Finally, this court should deny petitioner's request for the appointment of counsel because a habeas corpus petitioner has no constitutional right to counsel *See generally State ex rel. Johnson v. Ohio Adult Parole Auth.,* 4th Dist. No. 99 C-84 2678 (Mar. 29, 2000).

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).