[Cite as *Smith v. Sheldon*, 2018-Ohio-468.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| EDDIE LEE SMITH | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| Petitioner | |
| -vs- | Case No. 17 CA 54 |
| EDWARD SHELDON, WARDEN | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:         Writ of Habeas Corpus


JUDGMENT:                        Dismissed


DATE OF JUDGMENT ENTRY:          February 5, 2018


APPEARANCES:

For Petitioner                   For Respondent

EDDIE LEE SMITH                  JERRI FOSNAUGHT
PRO SE                           ASSISTANT ATTORNEY GENERAL
1150 North Main Street           150 East Gay Street, 16th Floor
Mansfield, Ohio  44901           Columbus, Ohio  43215

*Wise, J.*

{¶1}   Petitioner, Eddie Lee Smith, has filed a petition for writ of habeas corpus claiming Petitioner is being held for convictions of crimes with which he was not charged. He also raises claims the trial court lacked subject matter jurisdiction.  Respondent has filed a motion to dismiss.

{¶2}   Petitioner has failed to attach all commitment papers as required.  Revised Code 2725.04(D) provides, "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."   Petitioner has attached only a portion of the commitment papers in Case Number CR 2015 12 3774, and Petitioner has not attached any commitment papers from Case Number 2015 09 2837.

{¶3}   A "[h]abeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." *Boyd v. Money,* 82 Ohio St.3d 388, 1998 -Ohio- 221, 696 N.E.2d 568.

{¶4}   R.C. 2969.25(A) governs the procedure for actions filed by inmates and provides in relevant part, "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶5} "[U]nder Ohio law, state writ actions are civil actions. See *Henderson v. James* (1895), 52 Ohio St. 242, 259, 39 N.E. 805" *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003–Ohio–5533, 797 N.E.2d 982, ¶ 7 (2003).

{¶6} The petition in this case did not contain an affidavit of prior civil actions.

{¶7} The Supreme Court has approved the dismissal of a habeas petition where an inmate fails to file an affidavit in compliance with R.C. 2969.25. *See Fuqua v. Williams,* 2003–Ohio–5533, 100 Ohio St.3d 211, 797 N.E.2d 982, HN 1.

{¶8} Finally, Petitioner has failed to include an affidavit of verification. "R.C. 2725.04 further requires the petition to be verified. In *Chari v. Vore*, 91 Ohio St.3d 323, 2001–Ohio–49, 744 N.E.2d 763, the Supreme Court of Ohio ruled: " 'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statement in the document.' Garner, Black's Law Dictionary (7 Ed.1999) 1556 * * *." *Cruz v. Pinkney*, 8th Dist. Cuyahoga No. 105454, 2017-Ohio-4308, ¶ 3.

{¶9} Because Petitioner has failed to attach all necessary commitment papers failed to supply the affidavit of prior civil actions, and failed to file an affidavit of verification, the petition is dismissed.

By: Wise, P. J.
Delaney, J., and
Baldwin, J., concur.

JWW/d 0126