[Cite as *State ex rel. Thomas v. Sheldon*, 2020-Ohio-2992.]

wCOURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| BARRY THOMAS, | : | Hon. W. Scott Gwin, P.J. |
| STATE EX REL. | : | Hon. Patricia A. Delaney,J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Petitioner | : |  |
|  | : |  |
| -vs- | : | Case No. 2020 CA 0042 |
|  | : |  |
| DEPARTMENT OF | : |  |
| REHABILITATION | : | OPINION |
| AND CORRECTIONS DIRECTOR: |  |  |
| MANSFIELD, CORRECTIONAL |  |  |
| INSTITUTIONS; |  |  |
| EDWARD SHELDON |  |  |
|  |  |  |
| Respondent |  |  |

CHARACTER OF PROCEEDING:          Writ of Habeas Corpus

JUDGMENT:          Dismissed

DATE OF JUDGMENT ENTRY:          May 18, 2020

APPEARANCES:

For: Petitioner                                    For: Respondent

BARRY L. THOMAS, Pro Se          GARY D. BISHOP
#684903                                          Richland County Prosecutor
1150 North Main Street                    38 South Park Street
P.O. Box 788                                    2nd Floor
Mansfield, OH 44901                        Mansfield, OH 44902

*Gwin, P.J.*

{¶1}    On May 4, 2020, Petitioner, Barry Thomas, filed a Writ of Habeas Corpus against Respondents, "Department of Rehabilitation, and Corrections Director: Mansfield, Correctional Institutions; Edward Sheldon [.]" Mr. Thomas's argument is not easily followed, but he asserts he is entitled to habeas relief because:

> [H]e is deprived of his life, liberty and property, because the Adult parole authority went beyond his three (3) years expiration of sentencing Judgment Entry in its entirety, because the (A.P.A.'s) failure to comply with 2967.14.1(D)(3) and 2967.28(F)(3), therefore petitioner demands that this court issue an order to release said body of Barry L. Thomas, ex rel., a flesh and blood man, and then and there give such other relief as deemed by setting the petitioner at liberty.

{¶2}    (Writ of Habeas Corpus at 5)

{¶3}    Due to the following deficiencies, Mr. Thomas cannot maintain an action for habeas corpus and his petition is sua sponte dismissed. We are permitted to dismiss a habeas corpus petition sua sponte if the petition does not contain a facially valid claim. *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 271, 695 N.E.2d 254 (1988).

{¶4}    Mr. Thomas's petition is deficient in the following manner. First, he did not state a facially valid claim for habeas relief because he failed to comply with R.C. 2725.04(D). This statute requires a copy of the commitment or cause of detention be attached to the petition for writ of habeas corpus. Without the commitment papers, the writ of habeas corpus is fatally defective. *Brown v. Rogers*, 72 Ohio St.3d 339, 341, 650

N.E.2d 422 (1995). A court may sua sponte dismiss a petition for habeas corpus that fails to comply with R.C. 2725.04(D). *See State ex rel. Wynn v. McFaul*, 81 Ohio St.3d 193, 194, 690 N.E.2d 7 (1998) (Ohio Supreme Court affirmed court of appeals' sua sponte dismissal of habeas corpus petition for failure to comply with R.C. 2725.04(D.))

{¶5}　Second, Mr. Thomas's petition includes an affidavit of indigency wherein he requests waiver of prepayment of the Court's filing fees. However, Mr. Thomas failed to include in his affidavit of indigency a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C)(1). A court may sua sponte dismiss a writ of habeas corpus for failing to comply R.C. 2969.25(C)(1). *See State ex rel. Hairston v. Franklin Cty. Ct. of Common Pleas*, 10th Dist. Franklin No. 17AP-502, 2018-Ohio-148, ¶ 9 ("Because petitioner has failed to comply with the mandatory requirements of R.C. 2969.25(C), it is this magistrate's decision that this court should sua sponte dismiss his habeas corpus action.")

{¶6}　For the foregoing reasons, we sua sponte dismiss Mr. Thomas's Petition for Writ of Habeas Corpus. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶7}   CAUSE SUA SPONTE DISMISSED.

{¶8}   COSTS TO PETITIONER

{¶9}   IT IS SO ORDERED.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur