[Cite as *Wordlow v. Bracy*, 2022-Ohio-2925.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

ERIC WORDLOW,

        Petitioner,

- vs -

CHARMAIN BRACY,
WARDEN,

        Respondent.

**CASE NO. 2022-T-0067**

Original Action for Writ of Habeas Corpus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: August 22, 2022
Judgment: Petition dismissed

---

*Eric Wordlow*, pro se, PID # A743-919, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 640, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, and *Maura O'Neill Jaite*, Assistant Attorney General, Ohi Attorney General's Office, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1}    In this action for a writ of habeas corpus, petitioner, Eric Wordlow, seeks his immediate release from the Trumbull Correctional Institution. The petition is sua sponte dismissed.

{¶2}    "If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to

issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." R.C. 2725.05. "Application for the writ of habeas corpus shall be by petition, signed and verified * * *, and shall specify: * * * A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." R.C. 2725.04(D).

{¶3} "[T]he attachment of any commitment papers is a mandatory requirement, and [ ] the failure to satisfy the statute constitutes a fatal defect which must result in the dismissal of the entire action." *State ex rel. Winnick v. Gansheimer*, 11th Dist. Ashtabula No. 2006-A-0009, 2006-Ohio-3431, ¶ 5, citing *Goudlock v. Bobby*, 11th Dist. Trumbull No. 2005-T-0011, 2005-Ohio-3089, ¶ 5, citing *Hawkins v. Southern Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, 809 N.E.2d 1145, ¶ 4; *Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 8 ("Such a failure is fatal to a petition for habeas corpus."); *Johnson v. Bobby*, 103 Ohio St.3d 96, 2004-Ohio-4438, 814 N.E.2d 61, ¶ 6.

> The basis for this interpretation of the statute is that copies of the commitment papers are needed in order for the court to obtain a complete understanding of the grounds for the requested relief. In addition, we have emphasized that when a petitioner's confinement is predicated upon a sentence imposed by a trial court, R.C. 2725.04(D) mandates that the petition must be accompanied by copies of the sentencing judgments.

(Internal citations omitted.) *Winnick* at ¶ 5.

{¶4} "[A] court may dismiss a habeas petition sua sponte if the petition does not contain a facially valid claim." *Al'shahid* at ¶ 7, citing *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 271, 695 N.E.2d 254 (1998); *Winnick* at ¶ 7, quoting

2

Case No. 2022-T-0067

*State ex rel. Peoples v. Warden,* 11th Dist. Trumbull No. 2003-T-0087, 2003-Ohio-4106, ¶ 7 ("a court in a habeas corpus proceeding has the authority to engage in a sufficiency analysis without benefit of a motion to dismiss; i.e., a court can dismiss a habeas corpus petition sua sponte if its initial review of the petition shows beyond a reasonable doubt that a viable claim for the writ has not been stated'").

{¶5}   Wordlow did not attach copies of any commitment papers or sentencing entries, in violation of R.C. 2725.04(D), therefore the petition is fatally defective. Accordingly, it is the sua sponte order of this court that Wordlow's petition for habeas corpus is hereby dismissed. *See Al'shahid*, 2015-Ohio-2079, at ¶ 11 (where the petition is deficient, the court of appeals is correct to dismiss the case sua sponte); *Crigger* at 271 (where the petition is facially invalid, the court of appeals may immediately dismiss sua sponte); *Winnick*, 2006-Ohio-3431, at ¶ 7 (where failure to comply with R.C. 2625.04(D) rendered the allegations in the petition legally insufficient).

{¶6}   Petition dismissed.


THOMAS R. WRIGHT, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

Case No. 2022-T-0067