[Cite as *State ex rel. Hall v. Mohr*, 2013-Ohio-5779.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. David Hall, | : | |
| Relator, | : | |
| v. | : | No. 13AP-588 |
| Gary Mohr, Director et al., | : | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation [and Correction], | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on December 30, 2013

*David Hall*, pro se.

*Michael DeWine*, Attorney General, and *Mindy Worly*, for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, David Hall, an inmate of the North Central Correctional Complex ("NCCC"), commenced this original action requesting a writ of mandamus ordering respondent, Gary Mohr, director of the Ohio Department of Rehabilitation and Correction, to grant relator a hearing and release from incarceration.

I. BACKGROUND

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate determined that, at the

time relator filed his complaint, he failed to file an affidavit of prior civil actions, as required by R.C. 2969.25(A), and failed to attach a certified copy of the cashier's statement, as required by R.C. 2969.25(C). As compliance with the provisions of R.C. 2969.25 is mandatory, the magistrate recommended that this court sua sponte dismiss this action.

## II. RELATOR'S OBJECTIONS

{¶ 3} Relator filed objections to the magistrate's decision asserting he submitted an incorrect affidavit with his complaint seeking mandamus relief. Relator also filed a notice of filing an affidavit of prior actions and affidavit of grievance system.

## III. DISCUSSION

{¶ 4} This court has previously noted: "It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory, and that the failure to comply with R.C. 2969.25 requires dismissal of the action." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999). "Further, 'the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal [and] [t]he belated attempt to file the required affidavit does not excuse noncompliance.' " *State ex rel. Wilson v. Ohio Adult Parole Auth.*, 10th Dist. No. 11AP-102, 2011-Ohio-4657, ¶ 7, quoting *Evans* at ¶ 4, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893, ¶ 5 (appellant's "belated attempts to file the required affidavit do not excuse his noncompliance"). *See also Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10 (documents required under R.C. 2969.25 "must be filed at the time the complaint is filed," and plaintiff's failure to comply with the statutory requirements "when he filed his complaint subjects his complaint to dismissal"). In the instant action, because relator "failed to file the required affidavits at the commencement of his action," his objections are without merit and are overruled. *Evans* at ¶ 4.

## IV. RELATOR'S MOTIONS

{¶ 5} On October 24, 2013, relator filed a motion for default judgment and motion for judgment on the pleadings. Given our disposition of relator's objections to the

magistrate's decision and our agreement with the magistrate that this matter must be dismissed, relator's motions are rendered moot and are hereby denied as such.

## V. CONCLUSION

{¶ 6}   Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly stated the pertinent facts and applied the appropriate law.   Therefore, we overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.   In accordance with the magistrate's decision, relator's petition for writ of mandamus is sua sponte dismissed.

*Motions denied;*
*objections overruled, and*
*petition for writ of mandamus*
*sua sponte dismissed.*

DORRIAN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>David Hall, | : | |
| | : | |
| Relator, | | No. 13AP-588 |
| | : | |
| v. | | (REGULAR CALENDAR) |
| | : | |
| Gary Mohr, Director, et al.,<br>Ohio Department of Rehabilitation<br>[and Correction], | : | |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on July 18, 2013

*David Hall,* pro se.

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 7}   In this original action, relator, David Hall, an inmate of the North Central Correctional Complex ("NCCC") requests that a writ of mandamus issue against respondent, Gary Mohr, the director of the Ohio Department of Rehabilitation and Correction.

<u>Findings of Fact</u>:

{¶ 8}   1. On July 9, 2013, relator, an NCCC inmate, filed this original action against respondent.

{¶ 9}   2.  Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R.13(B).

{¶ 10} 3. Relator has not filed an affidavit that he is seeking a waiver of pre-payment of this court's full filing fees nor has he filed an affidavit of indigency pursuant to R.C. 2969.25(C).

{¶ 11} 4. Relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 12} 5. Relator has not filed an affidavit, pursuant to R.C. 2969.25(A) that contains a description of each civil action or appeal of a civil action that relator has filed in the previous five years in any state or federal court.

Conclusions of Law:

{¶ 13} It is the magistrate's decision that this court sua sponte dismiss this action. R.C. 2969.25 states:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 14} Relator's failure to meet the mandatory filing requirements of R.C. 2969.25(A) requires dismissal of this action. *Fuqua v. Williams*, 100 Ohio St.3d 211,

2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 15} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).