[Cite as *State ex rel. Watkins v. Andrews*, 2014-Ohio-1072.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Charles L. Watkins, | : | |
| | : | |
| Relator, | : | No. 13AP-760 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Sara Andrews, Chief of the Ohio Parole and Community Services and Adult Parole Authority, and Cynthia Mausser, Chairperson of the Ohio Parole Board, | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 20, 2014

*Charles L. Watkins,* pro se.

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Charles L. Watkins, has filed this original action requesting that this court issue a writ of mandamus against respondent Sara Andrews, chief of the Division of Parole and Community Services of the Ohio Department of Rehabilitation and Correction, and respondent Cynthia Mausser, chairperson of the Ohio Parole Board.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended

that this court dismiss relator's request for a writ of mandamus. Relator has filed objections to that decision.

{¶ 3}    Relator has presented the following three objections: (1) relator has complied with Loc.R. 13(B), (2) relator has met all of the mandatory filing requirements as required by R.C. 2969.25, and (3) relator was entitled to notice of the decision to sua sponte dismiss his petition. The magistrate found that relator failed to comply with the requirement in R.C. 2969.25 that an inmate who commences an action against a governmental entity or employee must file an affidavit containing a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years. The magistrate indicated that relator filed an affidavit in which he described a civil action and appeal in 2009 and averred he had not filed a civil action in the preceding 12 months, but he failed to describe any civil action or appeal that he had filed in the previous five years.

{¶ 4}    R.C. 2969.25(A) provides, in pertinent part:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

{¶ 5}    Relator's first objection does not address the basis for the magistrate's dismissal and the requirements of R.C. 2969.25; thus, we overrule it. As for relator's second objection, although it addresses the requirements of R.C. 2969.25, it focuses on an aspect of the section that was not the basis of the magistrate's decision. Relator asserts that R.C. 2969.25 gives inmates the option of giving a description of each prior civil action "or" a description of each prior appeal of a civil action, instead of requiring a description of each prior civil action "and" a description of each prior appeal of a civil action. However, as mentioned, this alleged distinction was not the basis for the magistrate's dismissal. Therefore, we must also overrule relator's second objection.

{¶ 6}    Relator argues in his third objection that the magistrate was required to give prior notice to the parties of his intent to sua sponte dismiss the complaint. We disagree and find no authority that prohibits this court from dismissing a complaint in mandamus for failure to comply with the requirements of R.C. 2969.25. Therefore, we find sua sponte

dismissal is appropriate. *See, e.g., Peoples v. Johnson*, 10th Dist. No. 13AP-636, 2014-Ohio-800, ¶ 11 (sua sponte dismissal of complaint in mandamus when relator failed to meet the mandatory filing requirements of R.C. 2969.25(A)); *State ex rel. Hall v. Mohr*, 10th Dist. No. 13AP-588, 2013-Ohio-5779 (same); *Clark v. Miller*, 7th Dist. No. 13 BE 13, 2013-Ohio-2958 (sua sponte dismissal of writ of habeas corpus petition when relator failed to comply with R.C. 2969.25(A)).

{¶ 7} After an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and adopt the magistrate's findings of fact and conclusions of law. Relator's request for writ of mandamus is denied, and the action is dismissed.

*Objections overruled and writ of mandamus denied;*
*action dismissed.*

SADLER, P.J., and DORRIAN, J., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Charles L. Watkins, | : | |
| | : | |
| Relator, | : | No.  13AP-760 |
| | : | |
| v. | : | (REGULAR CALENDAR) |
| | : | |
| Sara Andrews, Chief of the Ohio Parole<br>and Community Services and Adult Parole<br>Authority, and Cynthia Mausser,<br>Chairperson of the Ohio Parole Board, | : | |
| | : | |
| Respondents. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on September 20, 2013

---

*Charles L. Watkins,* pro se.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 8}  In this original action, relator, Charles L. Watkins, an inmate of the North Center Correctional Complex ("NCCC") requests that a writ of mandamus issue against respondent Sara Andrews, chief of the Division of Parole and Community Services of the Ohio Department of Rehabilitation and Correction, and respondent Cynthia Mausser, chair of the Ohio Parole Board.

Findings of Fact:

{¶ 9}   1. On August 29, 2013, relator, an NCCC inmate, filed this original action against respondents.

{¶ 10}  2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 11}  3. With his complaint, relator filed an affidavit of indigency and that he is seeking a waiver of the prepayment of this court's full filing fees

{¶ 12}  4. With his complaint, relator filed a statement regarding his inmate account as certified by the NCCC institutional cashier.

{¶ 13}  5. With his complaint, relator filed a document captioned "Affidavit of Pervious [sic] Civil Action," which he executed on August 14, 2013.  The document is comprised of eight paragraphs.

{¶ 14} Paragraphs one through seven describe an action filed June 23, 2009 in the Marion County Court of Common Pleas, which was assigned case No. 2009-CV-0545.  Following the court's grant of summary judgment to the defendants, relator appealed to the Third District Court of Appeals in case No. 9-10-0051.  According to relator's affidavit, the appellate court affirmed the judgment of the trial court.

> At paragraph eight of the document, relator avers:
>
> Relator has not filed a civil action in any court in the State of Ohio, or any other court, in the preceding twelve months or previously has been subject to the review procedure described in this division.

{¶ 15}  6. It can be noted that R.C. 2969.25(A) requires that the affidavit describe each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

Conclusions of Law:

{¶ 16}  It is the magistrate's decision that this court sua sponte dismiss this action.

{¶ 17}  R.C. 2969.25 states:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that

the inmate has filed in the previous five years in any state or
federal court.

{¶ 18} Relator's failure to meet the mandatory filing requirements of R.C.
2969.25(A) requires dismissal of this action. *Fuqua v. Williams*, 100 Ohio St.3d 211,
2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-
2893.

{¶ 19} Accordingly, it is the magistrate's decision that this court sua sponte dismiss
this action.


/S/ MAGISTRATE
KENNETH W. MACKE


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign
as error on appeal the court's adoption of any factual finding
or legal conclusion, whether or not specifically designated as
a finding of fact or conclusion of law under Civ.R.
53(D)(3)(a)(ii), unless the party timely and specifically
objects to that factual finding or legal conclusion as required
by Civ.R. 53(D)(3)(b).