HAWKINS, APPELLANT, *v.* SOUTHERN OHIO CORRECTIONAL FACILITY ET AL., APPELLEES.

[Cite as *Hawkins v. S. Ohio Correctional Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893.]

(No. 2004–0340—Submitted May 26, 2004—Decided June 23, 2004.)

_____

**Per Curiam.**

{¶ 1} In September 2003, appellant, Jomo Hawkins, petitioned the Court of Appeals for Scioto County for a writ of habeas corpus to compel appellees, Southern Ohio Correctional Facility and Ohio Adult Parole Authority, to release him from prison. Hawkins's petition did not contain his commitment papers, as

required by R.C. 2725.04(D), or an affidavit describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court, as required by R.C. 2969.25(A). Moreover, Hawkins's purported verification of his petition was not notarized.

{¶ 2} Hawkins's prison warden moved to dismiss the petition on several grounds, including that the petition violated R.C. 2725.04(D) and 2969.25(A). Hawkins subsequently filed an unnotarized statement purporting to be his R.C. 2969.25(A) affidavit.

{¶ 3} On January 9, 2004, the court of appeals dismissed the petition because it did not comply with R.C. 2725.04 and 2969.25(A).

{¶ 4} We affirm the judgment of the court of appeals for the reasons stated in its entry. Hawkins's habeas corpus petition is fatally defective and subject to dismissal because it did not comply with the commitment-paper and verification requirements of R.C. 2725.04. *State ex rel. McCuller v. Callahan,* 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108, ¶ 4. Hawkins's purported verification, which is not notarized, is insufficient. *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763, quoting Black's Law Dictionary (7th Ed.1999) 1556 (" 'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document' ").

{¶ 5} Moreover, Hawkins's petition did not satisfy R.C. 2969.25(A). See *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action"). His belated attempts to file the required affidavit do not excuse his noncompliance. Id. at ¶ 9, citing R.C. 2969.25(A).[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

Jomo K. Hawkins, pro se.

Jim Petro, Attorney General, and Gregory T. Hartke, Assistant Attorney General, for appellees.

---

1. We deny Hawkins's motion for bail and request for oral argument. Our disposition of this appeal renders moot appellee's motion to supplement the record.