[Cite as *Peoples v. Johnson*, 2014-Ohio-800.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David A. Peoples, #567-128, | : | |
| Relator, | : | |
| v. | : | No. 13AP-636 |
| Judge David L. Johnson et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

D E C I S I O N

Rendered on March 4, 2014

---

*David A. Peoples*, pro se.

---

IN MANDAMUS

BROWN, J.

{¶ 1} Relator, David A. Peoples, has filed this original action requesting that this court issue a writ of mandamus against respondents, The Honorable David L. Johnson and Maryellen O'Shaughnessy.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court dismiss relator's request for a writ of mandamus. No objections have been filed to that decision.

{¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the

file, this court adopts the magistrate's decision. Relator's request for a writ of mandamus is dismissed.

*Action dismissed.*

SADLER, P.J., and TYACK, J., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

David A. Peoples, #567-128,                    :

      Relator,                                     :

v.                                             :                    No. 13AP-636

Judge David L. Johnson et al.,                 :                    (REGULAR CALENDAR)

      Respondents.                                 :

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on August 29, 2013

---

*David A. Peoples*, pro se.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 4}   In this original action, relator, David A. Peoples, an inmate of the Ross Correctional Institution ("RCI"), requests that a writ of mandamus issue against respondent The Honorable David L. Johnson, and respondent Maryellen O'Shaughnessy, the clerk of the Franklin County Court of Common Pleas.

<u>Findings of Fact</u>:

{¶ 5}   1. On July 23, 2013, relator, an RCI inmate, filed this original action against the respondents.

{¶ 6}   2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 7} 3. Relator has not filed an affidavit that he is seeking a waiver of pre-payment of this court's filing fees. However, relator has filed a document captioned "Affidavit of Indigence & Affidavit of Poverty" that he executed on July 15, 2013.

{¶ 8} 4. Relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 9} 5. Relator has not filed an affidavit, pursuant to R.C. 2969.25(A) that contains a description of each civil action or appeal of a civil action that relator has filed in the previous five years in any state or federal court.

Conclusions of Law:

{¶ 10} It is the magistrate's decision that this court sua sponte dismiss this action. R.C. 2969.25 states:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.
>
> * * *
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 11} Relator's failure to meet the mandatory filing requirements of R.C. 2969.25(A) requires dismissal of this action. *Fuqua v. Williams*, 100 Ohio St.3d 211,

2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 12} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).