[Cite as *State ex rel. Frazier v. Schneider*, 2014-Ohio-3252.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Kesha Frazier, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 14AP-52 |
| | : | |
| Judge Charles A. Schneider of the<br>Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

---

# D E C I S I O N

### Rendered on July 24, 2014

---

*Kesha Frazier,* pro se.

---

### IN MANDAMUS
### ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Kesha Frazier, an inmate of the Northeast Pre-Release Center has filed an original action requesting that this court issue a writ of mandamus against respondent, the Honorable Charles A. Schneider, a judge of the Franklin County Court of Common Pleas.

{¶ 2} The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court dismiss relator's request for a writ of mandamus. Relator has filed objections to that decision.

{¶ 3}   The magistrate concluded that relator's mandamus action should be dismissed based upon her failure to file a statement with her affidavit of indigency that sets forth the balance in her inmate account for each of the preceding six months as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).  The magistrate also found relator failed to file an affidavit that contains a description of each civil action or appeal of a civil action that she has filed in the previous five years in any court pursuant to R.C. 2969.25(A).

{¶ 4}   After the magistrate's decision, relator filed a motion for leave to file a supplement to an affidavit of indigency and be found indigent or, in the alternative, to accept payment of deposit and for leave to file an affidavit of civil actions filed.

{¶ 5}   When an inmate files a civil action or appeal against a governmental entity or employee, R.C. 2969.25(A) requires the petitioner to file an affidavit with the petition describing all civil actions and appeals he or she has filed in state or federal court within the past five years. One of the reasons for this requirement is to enable the court to determine whether the current filing is malicious or vexatious. R.C. 2969.25(B). Compliance with R.C. 2969.25(A) is mandatory, and failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259 (1999). However, the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal, and a belated attempt to file the required affidavit does not excuse non-compliance. *State ex rel. Wilson v. Ohio Adult Parole Auth.*, 10th Dist. No. 11AP-102, 2011-Ohio-4657, ¶ 7, citing *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893, ¶ 5 (appellant's "belated attempts to file the required affidavit do not excuse his noncompliance").  *See also Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10 (documents required under R.C. 2969.25 must be filed at the time the complaint is filed, and plaintiff's failure to comply with the statutory requirements when he filed his complaint subjects his complaint to dismissal).

{¶ 6}   In addition, R.C. 2969.22 requires state inmates to pay in advance the full filing fees in civil actions and appeals commenced in state court (other than the Court of Claims of Ohio). In order to obtain a waiver of the requirement to prepay filing fees, the

inmate must comply with R.C. 2969.25(C) and file a fee waiver request affidavit, an inmate account statement that is certified by the institutional cashier, and an asset disclosure statement. The requirements of R.C. 2969.25(C) are mandatory and failure to comply requires dismissal of the petition. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997). Furthermore, the documents must be part of the initial filing of the petition and cannot later be added or amended to the petition. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, ¶ 1 (subsequent filing of the statement does not cure the defect). For these reasons, we find relator's petition for a writ of mandamus does not meet the requirements of R.C. 2969.25(A) and (C), we overrule her objections, and deny her motion for leave to supplement the record.

{¶ 7} After an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and adopt the magistrate's findings of fact and conclusions of law. Relator's request for a writ of mandamus is dismissed, and her motion for leave to supplement the record is denied. Furthermore, relator's motion for leave to file amended complaint is denied.

*Motions for leave denied;*
*objections overruled; action dismissed.*

KLATT and DORRIAN, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Kesha Frazier, | : | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No. 14AP-52 |
| | : | |
| Judge Charles A. Schneider of the<br>Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

---

### MAGISTRATE'S DECISION

#### Rendered on January 30, 2014

---

*Kesha Frazier,* pro se.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 8} In this original action, relator, Kesha Frazier, an inmate of the Northeast Pre-Release Center ("NPC"), requests that this court issue a writ of mandamus against respondent, the Honorable Charles A. Schneider, a judge of the Franklin County Court of Common Pleas.

Findings of Fact:

{¶ 9} 1. On January 16, 2014, relator, an NPC inmate, filed this original action against respondent.

{¶ 10} 2.  Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 11} 3.  With her complaint, relator filed an affidavit of indigency that she executed January 6, 2014.

{¶ 12} 4.  Relator has not filed a statement that sets forth the balance in her inmate account for each of the preceding six months as certified by the institutional cashier.

{¶ 13} 5.  Relator has not filed an affidavit that contains a description of each civil action or appeal of a civil action that she has filed in the previous five years in any state or federal court.

Conclusions of Law:

{¶ 14} It is the magistrate's decision that this court sua sponte dismiss this action.

{¶ 15} R.C. 2969.25 states:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 16} Relator's failure to meet the mandatory filing requirements of R.C. 2969.25(A) and (C) requires dismissal of this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Correctional Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 17} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).