[Cite as *State ex rel. Spurlock v. Abbot*, 2015-Ohio-4965.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State of Ohio ex rel.] Daniel Spurlock, | : | |
| Relator, | : | |
| v. | : | No. 15AP-709 |
| Ms. Abbot et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| and | : | |
| [State ex rel. Daniel Spurlock, | : | |
| Relator, | : | |
| v. | : | No. 15AP-712 |
| Ms. Grondin, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

D E C I S I O N

Rendered on December 1, 2015

*Daniel Spurlock*, pro se.

*Michael DeWine*, Attorney General, and *Judith B. Goldstein*, for respondents.

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator Daniel Spurlock, an inmate of the Toledo Correctional Institution, has filed two original actions, which have been sua sponte consolidated by this court,

requesting this court issue writs of mandamus against various employees of the Ohio Department of Rehabilitation and Corrections.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss relator's actions. No objections have been filed to that decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including findings of fact and conclusions of law. In accordance with the magistrate's decision, we sua sponte dismiss relator's actions.

{¶ 4} Because we adopt the magistrate's decision, we deny as moot respondent's motion to dismiss, filed August 27, 2015; relator's motion for subpoena, filed September 4, 2015; and respondent's motion to quash, filed September 18, 2015.

*Motion to dismiss, motion for subpoena, motion to quash moot denied as moot; actions dismissed.*

KLATT and BRUNNER, JJ., concur.

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State of Ohio ex rel.] Daniel Spurlock, | : | |
| Relator, | : | |
| v. | : | No.  15AP-709 |
| Ms. Abbot, et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| and | : | |
| [State ex rel. Daniel Spurlock, | : | |
| Relator, | : | |
| v. | : | No.  15AP-712 |
| Ms. Grondin, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 27, 2015

---

*Daniel Spurlock,* pro se.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 5}   In these two original actions which have been sua sponte consolidated by this court, relator, an inmate of the Toledo Correctional Institution ("TCI"), requests that writs of mandamus issue against various employees of the Ohio Department of Rehabilitation and Correction ("ODRC").

<u>Findings of Fact</u>:

<b>Case No. 15AP-709</b>

{¶ 6}   1. On July 27, 2015, relator, a TCI inmate, filed an original action against nine ODRC employees.  The TCI warden and two deputy wardens are among the nine respondents in this action.

{¶ 7}   2. In his complaint, relator asserts that the administrative rules require ODRC staff to "walk the ranges in segregation and speak to <u>EACH</u> inmate once a week." (Emphasis sic.)

{¶ 8}   3. In his complaint, relator alleges that none of the nine respondents "walk the ranges in segregation and speak to <u>EACH</u> inmate once a week."

{¶ 9}   4. In his complaint, relator requests that this court issue a writ of mandamus ordering the respondents to "follow the Administrative Rules and walk the ranges in segregation and speak to EACH Inmate once a week."  (Emphasis sic.)

{¶ 10} 5. With his complaint, relator filed a document captioned "Motion To Proceed In Forma Pauperis With Affidavit And Supporting Documents."  Attached to this motion is an affidavit executed by relator on July 19, 2015.  Relator's affidavit states:

> In support of my request to proceed without being required
> to pre-pay fees and costs, I state that because of my poverty,
> I am unable to pay the costs of said proceeding and I believe
> I am entitled to relief in further support of this Application, I
> submit the attached Affidavit.
>
> I declare under penalty of perjury that the foregoing is true
> and correct.

{¶ 11} 6. With his complaint, relator filed a hand-written document captioned "Affidavit In Support Of Request To Proceed In Forma Pauperis."  The affidavit was executed by relator on July 19, 2015.  The affidavit poses several questions which relator answers.  By his answers, relator avers, inter alia, that within the past 12 months he has received no income.  He also avers that he has no "cash on hand or money in a savings, checking or other account."  He further avers that he does not own "real estate, stocks, bonds, notes, automobiles, or any other valuable property."

{¶ 12} 7. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 13} 8. Significantly, relator has not filed with his complaint a statement that sets forth the balance in his inmate account as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

### Case No. 15AP-712

{¶ 14} 9. On July 27, 2015, relator, a TCI inmate, filed a second original action. The second original action names only one respondent alleged to be "Ms. Grondin" who is apparently an ODRC employee.

{¶ 15} 10. In his complaint filed in this second original action, Ms. Grondin is alleged to be "the Case Manager assigned to the segregation unit" at TCI. According to the complaint, one of Ms. Grondin's job duties is "to hold and conduct ALL Inmates' security reviews who are in segregation that have been referred by R.I.B."

{¶ 16} 11. According to the complaint, Ms. Grondin "has Refused three times to conduct Daniel Spurlock's security review."

{¶ 17} 12. In his complaint, relator requests a writ of mandamus ordering respondent (Ms. Grondin) "to do her job by conducting Daniel Spurlock[']s security review."

{¶ 18} 13. With his complaint filed in 15AP-712, relator filed a document captioned "Motion To Proceed In Forma Pauperis with Affidavit And Supporting Documents." Attached to this motion is an affidavit executed by relator on July 19, 2015, which states:

> In the above-entitled proceeding. In support of my request to proceed without being required to pre-pay fees and costs, I state that because of my poverty, I am unable to pay the costs of said proceeding and I believe I am entitled to relief.

{¶ 19} 14. With his complaint filed in 15AP-712, relator filed a hand-written document captioned "Affidavit In Support Of Request to Proceed In Forma Pauperis." That affidavit was executed by relator on July 19, 2015. Like the one filed in case number 15AP-709, the affidavit poses several questions which relator answers. By his answers, relator avers, inter alia, that within the past 12 months he has received no income. He also avers that he has no "cash on hand or money in a savings, checking or other account."

He further avers that he does not own "real estate, stocks, bonds, notes, automobiles or any other valuable property."

{¶ 20} 15. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 21} 16. Significantly, relator has not filed with his complaint (in case No. 15AP-712) a statement that sets forth the balance in his inmate account as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

Conclusions of Law:

{¶ 22} It is the magistrate's decision that this court sua sponte dismiss both actions.

{¶ 23} R.C. 2969.25 provides:

> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 24} Here, by failing to file in each action a statement that sets forth the balance in his inmate account as certified by the institutional cashier, relator has failed to meet a mandatory filing requirement as to each action as set forth in R.C. 2969.25(C)(1) and thus, this court must dismiss each action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 25} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss both actions.

/S/ MAGISTRATE
KENNETH W. MACKE

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).