[Cite as *State ex rel. Clark v. Serrott*, 2016-Ohio-5298.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Dwight D. Clark, | : | |
| Relator, | : | |
| v. | : | No. 16AP-280 |
| Judge Mark A. Serrott, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on August 9, 2016

*Dwight D. Clark,* pro se.

IN PROCEDENDO[1]

TYACK, J.

{¶ 1}  Dwight D. Clark filed this action in procedendo seeking a writ to compel Judge Mark A. Serrott to rule on Clark's motion for jail-time credit.

{¶ 2}  In accord with Loc.R. 13, of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.

{¶ 3}  The assigned magistrate, upon reviewing the documents filed by Clark, noted that Clark had failed to comply with a number of requirements of R.C. 2929.25(C). Therefore, the magistrate issued a magistrate's decision, appended hereto, which included a recommendation that we dismiss the case.  Clark has not filed objections to the magistrate's decision.

---

[1] The magistrate erroneously captioned the action as one in mandamus, but the complaint is actually one in procedendo.

{¶ 4}   Upon reviewing the magistrate's decision, no error of law or fact is present on the face of the magistrate's decision with the exception that the magistrate erroneously captioned his decision as one in mandamus, but in actuality the complaint was in procedendo.  We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision.  As a result, we dismiss this action in procedendo and deny the writ.

*Writ of procedendo denied; action dismissed.*

SADLER and HORTON, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Dwight D. Clark,          :

          Relator,          :

v.          :          No. 16AP-280

Judge Mark A. Serrott,          :          (REGULAR CALENDAR)

          Respondent.          :

MAGISTRATE'S DECISION

Rendered on April 26, 2016

*Dwight D. Clark,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 5} In this original action, relator, Dwight D. Clark, an inmate of the Southern Ohio Correctional Facility ("SOCF"), requests that a writ of mandamus issue against respondent, the Honorable Mark A. Serrott, a judge of the Franklin County Court of Common Pleas.

Findings of Fact:

{¶ 6} 1. On April 12, 2016, relator, an SOCF inmate, filed this original action requesting that a writ of mandamus issue against respondent.

{¶ 7} 2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 8} 3. With his complaint, relator filed an affidavit of indigency that he executed on March 31, 2016.

{¶ 9} 4. Relator did not file with his complaint an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees as provided at R.C. 2969.25(C).

{¶ 10} 5. Relator did not file with his complaint a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as provided at R.C. 2969.25(C)(1).

{¶ 11} 6. Relator did not file an affidavit that contains a description of each civil action or appeal of a civil action that he has filed in the previous five years in any state or federal court, as provided by R.C. 2969.25(A).

Conclusions of Law:

{¶ 12} It is the magistrate's decision that this court sua sponte dismiss this action.

R.C. 2969.25 provides:

(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

* * *

(C)  If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1)  A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2)  A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 13} Here, by failing to file with his complaint an affidavit of waiver and a statement of the institutional cashier, relator has failed to meet the mandatory filing requirements set forth at R.C. 2969.25(C).  Thus, this court must dismiss this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 14} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects

to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).