[Cite as *State ex rel. Thompson v. Lynch*, 2016-Ohio-5426.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Douglas Thompson, III, | : | |
| Relator, | : | |
| v. | : | No. 16AP-251 |
| Judge Julie Lynch, | : | (REGULAR CALENDAR) |
| Court of Common Pleas, Franklin County Ohio, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on August 18, 2016

*Douglas Thompson, III,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

IN PROCEDENDO OR MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

TYACK, J.

{¶ 1} Douglas Thompson, III filed this action in procedendo, seeking a writ to compel Judge Julie Lynch to rule on a number of motions he filed with regard to jail-time credit.

{¶ 2} In accord with Loc.R. 13 of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings. Counsel for Judge Lynch filed a motion asking that this case in procedendo be dismissed. The magistrate, in reviewing the documents filed by Thompson, noted that he had not complied with all aspects of R.C. 2969.25. The magistrate therefore issued a magistrate's decision,

appended hereto, which contains detailed findings of fact and conclusions of law.  The magistrate's decision included a recommendation that we dismiss the case.

{¶ 3}  Thompson has not filed objections to the magistrate's decision.

{¶ 4}  Upon review of the magistrate's decision, we find no error of law or fact on the face of the decision.  We, therefore, adopt the findings of fact and conclusions of law in the magistrate's decision.  As a result, we dismiss the case and deny the request for a writ of procedendo.

*Writ of procedendo denied; case dismissed.*

KLATT and HORTON, JJ., concur.

———————

# APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

State of Ohio ex rel. Douglas Thompson, III,  :

        Relator,  :

v.  :  No. 16AP-251

Judge Julie Lynch,  :  (REGULAR CALENDAR)
Court of Common Pleas,
Franklin County Ohio,  :

        Respondent.  :

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on May 24, 2016

---

*Douglas Thompson, III,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

---

### IN PROCEDENDO OR MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} In this original action, relator, Douglas Thompson, III, an inmate of the Chillicothe Correctional Institution ("CCI"), requests that a writ of procedendo or mandamus issue against respondent, the Honorable Julie M. Lynch, a judge of the Franklin County Court of Common Pleas.

<u>Findings of Fact</u>:

{¶ 6} 1. On April 1, 2016, relator, a CCI inmate, filed this original action against respondent. Relator requests that a writ of procedendo or mandamus order respondent to rule on motions that he allegedly filed in the common pleas court in case Nos. 12CR-

3210, 12CR-3232, and 13CR-6474. According to the complaint, the motions pertain to jail-time credit.

{¶ 7} 2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 8} 3. With his complaint, relator filed an affidavit of indigency which relator executed on March 21, 2016.

{¶ 9} 4. With his complaint, relator filed an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees pursuant to R.C. 2969.25(C).

{¶ 10} 5. Relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 11} 6. While relator states in his complaint that he has filed what he describes as "Inmates [sic] Affidavit Of Prior Actions," in fact, no such document or affidavit has been filed. *See* R.C. 2969.25(A).

{¶ 12} 7. On April 19, 2016, respondent filed a motion to dismiss. With her motion to dismiss, respondent attached as exhibits her entries in case Nos. 12CR-3210, 12CR-3232, and 13CR-6474 that deny relator's motions for jail-time credit filed on September 22, 2015.

{¶ 13} 8. On April 21, 2016, the magistrate issued an order that relator shall file his written response and/or brief in opposition to the motion to dismiss no later than May 10, 2016.

{¶ 14} 9. Relator has not responded to respondent's motion to dismiss.

Conclusions of Law:

{¶ 15} It is the magistrate's decision that this court grant in part respondent's motion to dismiss.

{¶ 16} R.C. 2969.25 provides:

> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

\* \* \*

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 17} Here, by failing to file with his complaint a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, relator has failed to meet the mandatory filing requirements set forth at R.C. 2969.25(C)(1).

{¶ 18} Also, relator has failed to file with his complaint the affidavit required by R.C. 2969.25(A) regarding previous civil actions or appeals of civil actions that he may have filed.

{¶ 19} Thus, this court must dismiss this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 20} Whether or not respondent has already granted the relief requested in this action is not an issue before this court because of relator's failure to meet the mandatory requirements of R.C. 2969.25.

{¶ 21} Accordingly, it is the magistrate's decision that this court grant in part respondent's motion to dismiss and that this action be dismissed.

/S/ MAGISTRATE
KENNETH W. MACKE

## NOTICE TO THE PARTIES

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**