[Cite as *State ex rel. Chase Banks v. Bender*, 2017-Ohio-21.]

IN THE COURT OF APPEALS OF OHIO

TENHT APPELLATE DISTRICT

The State ex rel. Chase Banks,                    :

            Relator,                               :

v.                                                :                    No. 16AP-526

John [F.] Bender,                                 :                    (REGULAR CALENDAR)
Franklin County Common Pleas Judge,
                                                  :
            Respondent.
                                                  :

---

D E C I S I O N

Rendered on January 5, 2017

---

**On brief:** *Chase Banks,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

---

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

HORTON, J.

{¶ 1} Relator, Chase Banks, an inmate, has filed an original action requesting this court issue a writ of procedendo to respondent, the Honorable John F. Bender, formerly a judge of the Franklin County Court of Common Pleas, to rule on a motion he filed in the common pleas court in February 2016 in Franklin C.P. No. o9CR-3946. On August 9, 2016, respondent filed a motion to dismiss.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C), i.e., relator has not filed a statement

that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 3}   No objections have been filed to the magistrate's decision.

{¶ 4}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we sua sponte dismiss this action.

*Action dismissed.*

TYACK, P.J. and BROWN, J., concur.

————————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Chase Banks, | : | |
| Relator, | : | |
| v. | : | No. 16AP-526 |
| John [F.] Bender, Franklin County Common Pleas Judge, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on August 29, 2016

---

*Chase Banks,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for respondent.

---

### IN PROCEDENDO
### ON SUA SPONTE DISMISSAL

{¶ 5} In this original action, relator, Chase Banks, an inmate of the Chillicothe Correctional Institution ("CCI"), requests that a writ of procedendo issue against respondent, the Honorable John F. Bender, formerly a judge of the Franklin County Court of Common Pleas. Relator requests that the writ order respondent to rule on a motion he filed in the common pleas court in February 2016 in Franklin C.P. No. 09CR-3946.

<u>Findings of Fact</u>:

{¶ 6} 1. On July 18, 2016, relator, a CCI inmate, filed this procedendo action against respondent.

{¶ 7}   2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 8}   3. With his complaint, relator filed an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees pursuant to R.C. 2969.25(C).

{¶ 9}   4. With his complaint, relator filed an affidavit of indigency that relator executed July 12, 2016.

{¶ 10} 5. Relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 11} 6. On August 9, 2016, respondent filed a motion to dismiss.  In the memorandum in support, it is stated "Judge O'Donnell, as the Trial Court, denied the motion on March 8, 2016."  However, respondent has not attached a copy of the common pleas court entry that denies relator's motion.

Conclusions of Law:

{¶ 12} It is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.

{¶ 13} R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 14} As earlier noted, relator failed to file with his complaint a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

{¶ 15} The magistrate concludes that relator has failed to satisfy the mandatory requirements set forth at R.C. 2969.25(C).

{¶ 16} Thus, this court must sua sponte dismiss this action. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533; *Hawkins v. S. Ohio Corr. Facility*, 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶ 17} Accordingly, for all the above reasons, it is the magistrate's decision that this court sua sponte dismiss this action. It is further the magistrate's decision that respondent's August 9, 2016 motion to dismiss is moot.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).