[Cite as *State v. Thompson*, 2020-Ohio-4532.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Respondent, | : | |
| - vs - | : | **CASE NO. 2020-P-0050** |
| JOHN C. THOMPSON, JR., | : | |
| Petitioner. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

*John C. Thompson, Jr.,* pro se, PID: A700-834, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Petitioner).

PER CURIAM.

{¶1} The instant petition in habeas corpus is before this court for consideration of the motion to dismiss, filed by the titular respondent, the State of Ohio, represented by Victor V. Vigluicci, the Portage County Prosecuting Attorney. Respondent sets forth two procedural defects in support of the motion to dismiss: (1) Petitioner has failed to bring the action against the proper party; and (2) petitioner has failed to attach necessary commitment papers as required by R.C. 2725.04(D). For the following reasons, we conclude that dismissal is warranted.

{¶2} Petitioner, in two separate case numbers, previously pleaded guilty to various felony counts and received an aggregate prison term of 10 years. Petitioner appealed and, in *State v. Thompson*, 11th Dist. Nos. 2018-P-0076 and 2018-P-0077, 2019-Ohio-5407, this court reversed and remanded the matter, concluding appellant's guilty plea was invalid. Responded filed a discretionary appeal with the Supreme Court of Ohio and, on May 13, 2020, in *State v. Thompson*, 158 Ohio St.3d 1511, 2020-Ohio-2815, the Court declined jurisdiction. On June 11, 2020, some 29 days following the Supreme Court's announcement, petitioner filed the instant petition, naming the State of Ohio as respondent. In his petition, petitioner sought immediate transfer to the Portage County Jail, release on a personal recognizance bond, and redress for an alleged statutory speedy trial violation. This court issued an alternative writ and the state subsequently filed a motion to dismiss. Petitioner did not respond to the state's motion; instead, he filed an amended petition seeking the same substantive relief. And petitioner recast his amended petition, naming the state of Ohio, the Portage County Sheriff, and Judge Becky L. Doherty as respondents. He did not, however, attach commitment papers from either of his underlying cases.

{¶3} A writ of habeas corpus "is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001), quoting *Pegan v. Crawmer*, 76 Ohio St.3d 97, 99 (1996).

{¶4} R.C. 2725.04 requires that the application for habeas corpus be a signed and verified petition, and the petition must specify, inter alia:

{¶5} "(B) The officer, or name of the person by whom the prisoner is so confined or restrained * * *;

2

{¶6} "* * *

{¶7} "(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear."

{¶8} Initially, respondent asserts petitioner failed to name the proper party in the caption of his petition. *See* R.C. 2725.04(B). This court has previously determined the proper party in a petition for habeas corpus is the jailer or warden who presently has legal custody of the individual. *State ex rel. Davis v. Wilson*, 11th Dist. Trumbull No. 2003-T-0049, 2003-Ohio-2840. At the time of his sentence, petitioner was lawfully committed to the Lake Erie Correctional Institution. Still, owing to this court's reversal of his conviction and the Supreme Court's declination of jurisdiction, it would appear the proper party would be the Sheriff of Portage County, i.e., the administrator of the facility (the county jail) at which petitioner should ostensibly be confined, who was named as a respondent in the amended petition. In this respect, we decline to dismiss the petition on this basis.

{¶9} Nevertheless, petitioner, in his original petition, attached the judgment entry from this court reversing and remanding his original judgment on conviction and a motion to dismiss his original indictments filed in the Portage County Court of Common Pleas. In his amended petition, he attached a "Warrant for Removal" issued by the Portage County Clerk of Courts to the Sheriff of Portage County to remove petitioner from the Lake Erie Correctional Institution on June 22, 2020 for a pretrial on June 24, 2020.[1] He

---

1. It bears noting that the Warrant for Removal states that after the pretrial, the Portage County authorities "will transport [petitioner] and return him to: Lake Erie Correctional Institution * * *." Because of this court's reversal and remand order became final upon the Supreme Court's decision to decline jurisdiction, appellant has not been convicted of the crimes for which he is charged. It is therefore unclear how one, without a formal conviction, can be held in a prison pending complete and final prosecution of charges.

3

did not, in either pleading, however, attach any document that could be construed as a commitment paper. This is a clear violation of R.C. 2725.04(D). The failure to attach a prisoner's commitment papers to his habeas corpus petition is a fatal defect which warrants the dismissal of action. *See, e.g., Hawkins v. Southern Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893.

{¶10} Notwithstanding the foregoing conclusion, and we recognize our analysis is advisory, we find it prudent to address the merits of petitioner's allegations. First, petitioner may or may not be unlawfully restrained. The warrant of removal suggests petitioner was remanded to the custody of the Portage County Sheriff for a pretrial; this court reversed and remanded a formerly final conviction for further proceedings in the trial court. It stands to reason that petitioner's removal for a *pretrial* occurred due to this court's December 31, 2019 opinion and judgment. Simply because appellant's criminal cases are pending anew does not imply *the restraint* on his liberty is unlawful. We do attach one caveat to this point: If petitioner is being held in the Lake Erie Correctional Institution, his restraint is improper and potentially unlawful as he has yet to be convicted and sentenced to prison for the charges at issue. As indicated previously, under the circumstances, the Portage County Jail would represent the lawful facility at which he should be restrained.

{¶11} The remaining requests for relief, however, are not cognizable in habeas corpus. Because the matter was re-committed to the trial court for further proceedings, the Portage County Court of Common Pleas possesses jurisdiction to consider petitioner's request for a recognizance bond as well as his allegation that his statutory speedy trial right has been violated. In this regard, petitioner has an adequate recourse

4

and therefore remedy in the ordinary course of law. In these respects, the substantive features of his allegations are not proper for relief in habeas corpus.

{¶12} Because appellant failed to attach the commitment papers in his underlying cases, the petition for writ of habeas corpus is dismissed. Respondent's motion to dismiss is granted.

CYNTHIA WESTCOTT RICE, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.